STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WILLIAM RUSSELL LOUDEN, DEFENDANT-APPELLANT.

Middlesex County Court
Law Division

Decided November 28, 1967.

*Mr. Edward A. Podoleski,* Assistant County Prosecutor, for plaintiff-respondent (*Mr. Edward J. Dolan,* County *Prosecutor,* attorney).

*Mr. Morris Brown* for defendant-appellant (*Messrs. Wilentz, Goldman and Spitzer,* attorneys).

HALPERN, A. J. S. C. This is an appeal from a judgment of the Municipal Court of the Township of Edison, where defendant was adjudged guilty of violating *N. J. S. A.* 2A:169A-2 for failing to register as a narcotic offender. The following relevant facts were stipulated:

In February 1967 defendant pled guilty to a complaint which charged that he "did unlawfully have in his possession three (3) hypodermic needles, one (1) hypodermic syringe, one (1) bottle cap and one (1) eye dropper adapted for the use of narcotics, contrary to the provisions of *N. J. S. A.* 2A:170-77.5." In July 1967 defendant was advised by the Edison Township police that he was required to register under the provisions of *N. J. S. A.* 2A:169A-2 as a person convicted of a crime relating to narcotic drugs. Defendant, on the advice of counsel, refused to register.

The narrow issue presented by this appeal is whether defendant, who has pled guilty to a violation of *N. J. S. A.* 2A:170-77.5, must register as required by *N. J. S. A.* 2A:169A-2. *N. J. S. A.* 2A:170-77.5 provides:

"It shall be unlawful for any person or persons, except a duly licensed physician, dentist, veterinarian, nurse, podiatrist, hospital, sanitarium, or other medical institution, or a resident physician or interne of a hospital, sanitarium or other medical institution, to have under control or possess a hypodermic syringe, hypodermic needle or any other instrument adapted for the use of narcotic drugs by subcutaneous injections with intent to use such syringe, needle or instrument for such purpose, unless such possession be obtained upon a

valid written prescription from, and such use be authorized or directed by, a duly licensed physician, dentist or veterinarian. * * *"

The applicable portions of *N. J. S. A.* 2A:169A–1 and 2 requiring registration by nonresidents and residents provide:

"Every person, * * * who shall be convicted * * * of any crime or offense relating to the use, possession, sale, transportation or other dealing in or with any narcotic drug * * * shall, * * * register with the chief of police * * *.

Defendant contends the Legislature never intended that *N. J. S. A.* 2A:169A–1 and 2 be applied to a conviction for possession of narcotics paraphernalia, but that it applied only to the use or possession of narcotic drugs. The State argues that the defendant is within the wording and intention of the statute.

To determine whether registration is required, all the provisions of *N. J. S. A.* 2A:169A–1 *et seq.*, and *N. J. S. A.* 2A:170–77.3 *et seq.*, must be considered, *in pari materia*, to arrive at the objective sought to be accomplished by the Legislature. The sense of a statute is gathered from the nature of its subject matter and the contextual setting. Statutes should not be construed so as to reach an absurd or anomalous result. *State v. Brown,* 22 *N. J.* 405 (1956); *Robson v. Rodriquez,* 26 *N. J.* 517 (1958); *Kingsley v. Hawthorne Fabrics, Inc.,* 41 *N. J.* 521 (1964). "While penal statutes are narrowly construed, this does not require rejection of that sense of the words which best harmonizes with the context and the end in view." *Gooch v. United States,* 297 *U. S.* 124, 128, 56 *S. Ct.* 395, 397, 80 *L. Ed.* 522 (1936).

Applying these principles of statutory construction to the language used in *N. J. S. A.* 2A:170–77.5, it becomes crystal-clear that mere possession of drug paraphernalia of itself, is not an offense under *N. J. S. A.* 2A:170–77.5. However, when such paraphernalia is possessed with intent to use it for subcutaneous injections, an offense occurs.

Therefore, when the defendant pled guilty to having the drug paraphernalia in his possession, under *N. J. S. A.* 2A:170–77.5, he admitted that his possession was with the intent to use same for such purpose, and became a person convicted of an offense relating to the use or possession or other dealing in narcotic drugs required to register under *N. J. S. A.* 2A:169A–2. Any other construction would do violence to the legislative intent. For the history of this narcotic legislation—see the March 10, 1952 report of study and recommendations of the New Jersey Commission to study narcotics (pursuant to *Joint Resolution No.* 8, 1951), and *First Report of the New Jersey Commission on Narcotic Control* dated February 21, 1955.

I therefore find defendant guilty.