99 N.J. Super. 383 (1968)
240 A.2d 41
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILSON LOUIS GARLAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided February 26, 1968.
*384 Mr. Ralph A. Polito, Assistant County Prosecutor, for plaintiff-respondent (Mr. Guy W. Calissi, County Prosecutor, attorney).
Mr. Dennis J. Cummins, Jr., for defendant-appellant.
SIMPSON, J.C.C.
Defendant, a resident of New Jersey, appealed from a judgment of the Municipal Court of the City of Hackensack, wherein he was found guilty of violating N.J.S. 2A:169A-2 and-4 for failing to register as a narcotics offender and failing to carry an identification card.
The trial de novo was pro forma, all material facts to support conviction for violation of both sections of the act being *385 stipulated, and leaving the constitutionality of this Registration Act N.J.S. 2A:169A-1 et seq., as the sole issue.
Defendant had pleaded guilty to violations of N.J.S. 2A:170-8 (use of narcotic drugs) and 2A:170-77.5 (possession of narcotic paraphernalia), and on December 17, 1965 was placed on probation in conjunction with voluntarily admitting himself for treatment at a neuropsychiatric institute N.J.S.A. 30:6C-6. His probation terminated on March 6, 1967 and he has had a clean record since that time. Although previously advised by his probation officer to register and carry the identification card required by N.J.S. 2A:169A-2 and-4, defendant did not do so. He was charged with the violations on October 14, 1967, and the municipal court conviction followed. The magistrate imposed a 90-day jail term, which was suspended, probation for six months, a $50 fine and $5 costs.
The attack on N.J.S. 2A:169A-1 et seq. as being unconstitutional is on a broad front, the assertions being that the act is discriminatory, constitutes cruel and unusual punishment, violates the right to travel, and compels a defendant to be a witness against himself. The very breadth of these assertions, however, almost masks the true issue of the validity of this exercise of the State's police power, for as was recently said in Duratron Corp. v. Republic Stuyvesant Corp. 95 N.J. Super. 527 (App. Div. 1967):
"No constitutional protection is absolute. Traditionally, the courts have weighed each alleged assault on a constitutional right by comparing the social values, public or private, attending the measures impugned as invalid, with the degree of hazard if any to which the constitutional right or privilege was subjected by such conduct." (at p. 533)
The precise question of the validity of a state statute requiring criminal registration does not appear to have been decided in a reported opinion in the United States, although a federal statute requiring registration of narcotic offenders has been upheld against various allegations of unconstitutionality. *386 U.S. v. Eramdjian, 155 F. Supp. 914, 82 A.L.R.2d 398 (D.C. Cal. 1957). In State v. Haynes 78 N.J. Super. 60 (Cty. Ct. 1962), defendant had registered pursuant to N.J.S. 2A:169A-1 et seq., but was convicted for failure to carry and produce his registration card as required under N.J.S. 2A:169A-4. Against a defense of inadvertence, the court held that intentional or willful failure to carry the card was not by implication an element of the offense under our statute. In the present case defendant was aware of the requirements of the Narcotics Control Act, and his violation was willful.
Both Haynes and this case differ, of course, from the situation in Lambert v. People of State of California, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), wherein a conviction under a municipal ordinance requiring criminal registration was reversed, upon a holding that where a person did not know of the duty to register and there was no proof of the probability of such knowledge, he could not be convicted consistent with due process. Although the broad police power of a state is limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, innumerable registration laws have been sustained, even where convicted persons were unaware of the requirements, as Mr. Justice Frankfurter noted in his dissent in Lambert; therefore the holding of the 5 to 4 majority should be limited in its application, as, in his words, "an isolated deviation from the strong current of precedents  a derelict on the waters of the law * * *."
Also to be distinguished are three decisions of the United States Supreme Court on January 29, 1968 (Haynes v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Marchetti v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, and Grosso v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 holding, in part, that properly asserted constitutional privileges against self-incrimination preclude criminal convictions for failure to comply with registration requirements of the National Firearms Act, 26 *387 U.S.C. § 5841 et seq. and the federal wagering tax statutes, 26 U.S.C. § 4401 et seq. Although Chief Justice Warren's dissent from the breadth of the decisions because of their unnecessarily exposing the registration requirements to attack, raises interesting questions, the holdings carefully point out that the Fifth Amendment privilege precludes conviction for failure to register only where the registration itself causes "real and appreciable" hazards of incrimination. No such hazard exists under New Jersey's Narcotics Control Act under the facts of this case, since defendant failed to register and the information required to be furnished by a subject resident under N.J.S. 2A:169A-1 and 2 (relating to name, birthplace, aliases, previous convictions and punishment, and residence) can in no way be self-incriminatory. It is noted that N.J.S. 2A:169A-5 also requires a person registered under the Narcotics Control Act to report to the chief of police of any other municipality (or nearest office of the State Police) within 24 hours of entering with the purpose of remaining therein for more than 24 hours. Under this section, in addition to exhibiting his identification card and intended residence, he is required to furnish "such other information as such chief of police or officer shall require of him." While the Fifth Amendment privilege may preclude conviction for failure to furnish information constituting a real and appreciable hazard of incrimination, that question is not present in the instant case.
Defendant's conviction for mere failure to register not being violative of the due process of law requirements of the Fourteenth Amendment, or under the facts of this case violative of his privilege against self-incrimination, I turn to defendant's remaining complaints of discrimination, cruel and unusual punishment, and restriction on his right to travel. Although constitutionality phraseology has been used, it is clear that defendant's real complaint is that the registration requirement imposes inconvenience and hardship upon him. Such pleas are properly addressed to the Legislature; it is not for the courts to review its discretion or determine the *388 expediency, wisdom or propriety of its action on matters within its powers. No "Brandeis brief" is required to illustrate the magnitude and scope of the narcotics menace to the public health, safety and welfare, or the recidivistic nature of narcotics offenders. State v. Louden, 98 N.J. Super. 134 (Cty. Ct. 1967); 103 U. of P.L. Rev. 60 (1954). See also United States v. Eramdjian, supra.
Finally, defendant points out a peripheral problem which, although probably requiring judicial disposition in the future, need not be decided at this time. The statute in question would appear to require registration for the remainder of defendant's life  in seeming conflict with the policy of N.J.S. 2A:164-28. Under certain circumstances, that statute permits the expunging of certain criminal entries from the records after ten years without a subsequent conviction, and the removal of any disabilities associated therewith. In defendant's case, the ten-year period has not yet elapsed, so that the alleged potential conflict is not ripe for judicial consideration.
For all the foregoing reasons I hold that the Narcotics Control Act, as applied to defendant under the facts of this case, is not violative of his constitutional rights and he is therefore guilty of failing to register under the provisions of N.J.S. 2A:169A-2. Under the circumstances, including his clean record and the importance of the constitutional issue raised, I sentence him to 30 days in the Bergen County Jail. The sentence is suspended and defendant placed on six months' probation, with a requirement that he register and otherwise comply with the provisions of the Narcotics Control Act.