104 N.J. Super. 508 (1969)
250 A.2d 445
STATE OF NEW JERSEY, PLAINTIFF,
v.
DONALD F. CHELSON, DEFENDANT.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided February 18, 1969.
*509 Mr. Francis X. Burke, attorney for defendant-petitioner.
Mr. P. Franklyn Boggia for plaintiff (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
SIMPSON, J.C.C.
Defendant petitions the court for an order to expunge the records of all evidence of a criminal conviction pursuant to N.J.S. 2A:164-28. The records reveal guilty pleas on January 19, 1955 to a petit larceny charge and a traffic violation. Sentences, on the same date, were 10 and 15 days and jail, respectively, totalling the exact 15 days defendant had been in jail awaiting trial. There was a subsequent conviction for petit larceny on February 1, 1957 in another county, and a separate petition to expunge that record will be filed in that county. The Bergen County prosecutor does not object on the merits, but contends that the statute does not cover this situation. Because the records reveal these convictions, both more than ten years old, defendant has been refused employment as a taxi driver.
Expungement under the statute is discretionary, but with no objection on the merits by the prosecutor or chief of police of the municipality where the earlier offense was committed, that discretion might be exercised in favor of petitioner. On the other hand, sentence was not suspended, so that the petition might be summarily dismissed on this basis. Although an inference may be drawn that the sentence for the exact jail time awaiting trial is the practical equivalent of a suspended sentence, a literal reading of N.J.S. 2A:164-28 would appear to preclude expungement.
More important, however, is the question of the availability of expungement where there is more than one conviction. Even assuming the sentence, fine or nature of the offense do not bar relief, and the required ten years have elapsed since the conviction, the petition is only lawful *510 if "no subsequent conviction has been entered against such person * * *." In the case of a multiple offender, the plain meaning of these words is that the record of no conviction, except possibly the last, can be expunged.
The legislative history of the statute furnishes additional evidence of the limited availability of the relief. The statement accompanying a bill which in 1936 amended the original 1931 statute was as follows:
"The purpose of this act is to assist only those persons who have one single conviction against them, and from the time of the conviction and for a period of ten years thereafter have lived exemplary lives during that time and are able to show by their petition that they have made a complete moral change. It will rest with the judge hearing the matter to decide by the exercise of his discretion whether the petitioning party would be entitled to this relief. This act reduces the period from twenty to ten years and provides notice to the chief of police of the municipality in addition to the prosecutor"
There is also evidence that the Executive Branch concurred in this interpretation of N.J.S. 2A:164-28. Commenting on this statute in a January 12, 1960 message accompanying his veto of an act (Assembly Bill 480, introduced February 9, 1959) which would permit expungement of records relating to dismissed or withdrawn criminal complaints or accusations, Governor Robert B. Meyner stated:
"In addition, the language of the present act indicates that there is an intention to limit it to cases where the record shows but a single conviction."
Recent legislation[1] and legislative activity,[2] together with other judicial decisions[3] referring to N.J.S. 2A:164-28, *511 suggest that this statute may need revision and clarification. In the present case, however, it is clear that no expungement may be ordered.
Petition dismissed.
NOTES
[1] N.J.S. 2A:168A-1 to 3, and 2A:169-11, all effective September 4, 1968.
[2] Report of Joint Legislative Committee to Study Crime and the System of Criminal Justice in New Jersey, April 22, 1968.
[3] Waterfront Commission of New York Harbor v. Pasquale, 65 N.J. Super 498, 503-504 (App. Div. 1961); State v. Garland, 99 N.J. Super. 383 (Cty. Ct. 1968).