STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. A.N.J., III, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 19, 1983—Decided December 1, 1983.

Before Judges MATTHEWS, J.H. COLEMAN and GAULKIN.

*Gebhardt & Kiefer,* attorneys for defendant-appellant (*Walter N. Wilson,* on the brief).

*Irwin I. Kimmelman,* Attorney General, for plaintiff-respondent (*Stephen H. Monson,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Defendant appeals from an order denying his petition to expunge a disorderly persons conviction.

The facts are not in dispute. On October 1, 1973, defendant was convicted in Ocean County of possession of less than 25 grams of marijuana, a disorderly persons offense. On November 27, 1974, he was convicted in Monmouth County of fighting, another disorderly persons offense. On July 16, 1976, he was again convicted in Monmouth County of possession of less than 25 grams of marijuana. Defendant has no other convictions.

Defendant filed a petition in the Law Division, Monmouth County, to expunge the two Monmouth County convictions pursuant to *N.J.S.A.* 2C:52–1 *et seq.* No objection was made by any party served with notice, *N.J.S.A.* 2C:52–10, and an order expunging the convictions was accordingly entered on July 30, 1982. *N.J.S.A.* 2C:52–11.

Defendant then filed a similar petition in the Law Division, Ocean County, to expunge the Ocean County conviction. The Ocean County Prosecutor opposed the application on behalf of the Attorney General and the State Police, arguing that the statute "would militate against two expungements...." The hearing judge denied the petition because

I think you are asking me now to provide relief to a three-time offender and I don't think I can do that.

Defendant appeals from the order thereupon entered. We conclude that the trial judge erred in his reading of the statute and accordingly reverse.

The parties agree that *N.J.S.A.* 2C:52–3 governs defendant's expungement application:

Any person convicted of a disorderly persons offense or petty disorderly persons offense under the law of this State who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, or of another three disorderly persons or petty disorderly persons offenses, may, after the expiration of a period of 5 years from the date of his conviction, payment of fine, satisfactory completion of probation or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52–7 hereof to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.

Defendant persuasively argues that since his petition showed that he had not been convicted of any prior or subsequent crimes or of "another three disorderly persons or petty disorderly persons offenses," the petition should have been considered on its merits. See *N.J.S.A.* 2C:52–14. The State does not dispute that defendant's application satisfied the conditions specified in *N.J.S.A.* 2C:52–3, but contends that *N.J.S.A.* 2C:52–32 implies that expungement of more than one disorderly persons conviction is barred:

This chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records.

The trial judge relied principally on this section in denying the application.

Notwithstanding the language of *N.J.S.A.* 2C:52–32, the legislature surely has not restricted the expungement opportunity to the "one-time offender." Indeed the State does not question that a conviction for crime can be expunged even though the petitioner also has a disorderly persons conviction, *N.J.S.A.* 2C:52–2, and a disorderly persons conviction can be expunged even where the petitioner has two other such convictions. *N.J.S.A.* 2C:52–3. The three-time disorderly persons offender is thus not barred from relief under the statute. The contrary conclusion of the trial judge was erroneous.

The only portion of *N.J.S.A.* 2C:52–32 which arguably suggests that only one disorderly persons offense may be expunged is the directive that "periodic violators" should not be accorded

"a regular means" of expunging their records. But it is hard to characterize a three-time disorderly persons offender as a "periodic violator" when the legislature itself has concededly given him the opportunity to expunge at least one conviction. Similarly an interpretation of the statute to permit expungement of not more than three disorderly persons convictions, and then only if the petitioner shows no criminal record, cannot fairly be described as permitting a "regular means" of clearing a record.[1] Had the legislature intended to foreclose expungement of more than one disorderly persons offense, that determination could have been readily and clearly set forth.[2] We are reluctant to imply such a wide-ranging substantive limitation in the statutory scheme from the ambiguous precatory language of *N.J.S.A.* 2C:52–32.

◼ Moreover, other portions of the statute more directly evidence a contrary intent. *N.J.S.A.* 2C:52–8 directs that "[t]here shall be attached to a petition for expungement"

> b. In those instances where the petitioner is seeking the expungement of a criminal conviction, a statement with affidavit or verification that he has never been granted expungement, sealing or similar relief regarding a criminal conviction by any court in this State or other state or by any Federal court.

Since disorderly persons offenses are not crimes, *N.J.S.A.* 2C:1–4(b), the inference to be drawn is that a petitioner seeking expungement of a disorderly persons offense need not establish that he has never been granted expungement of another disorderly persons conviction. Consistent with that reading, *N.J.S.A.* 2C:52–14, which fixes the grounds for denial of expungement, mandates denial where the petitioner "has had a previous criminal conviction expunged regardless of the lapse of time between

---

[1]Defendant does not suggest that previously expunged convictions may be disregarded in determining whether a petitioner meets the conditions of *N.J.S.A.* 2C:52–3. *Cf. In re Application of R.,* 171 *N.J.Super.* 53, 57 (App.Div. 1979).

[2]The prior statute governing expungement of disorderly persons convictions, *N.J.S.A.* 2A:169–11, permitted only the last such conviction to be expunged.

the prior expungement, or sealing under prior law, and the present petition." The implication, again, is that prior expungement of a disorderly persons, *i.e.*, non-criminal, conviction does not foreclose the grant of another such expungement.

Accordingly we find ourselves unable to imply in the statute a legislative mandate that only one disorderly persons conviction may be expunged pursuant to *N.J.S.A.* 2C:52–1 *et seq.* We hold, rather, that the statute authorizes the expungement of up to three such convictions. The order under review is reversed and the matter remanded to the Law Division for further proceedings consistent herewith.