98 N.J. 421 (1985)
487 A.2d 324
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
A.N.J., III, DEFENDANT-RESPONDENT.
The Supreme Court of New Jersey.
Argued October 23, 1984.
Decided February 11, 1985.
Stephen H. Monson, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
Walter N. Wilson argued the cause for respondent (Gebhardt & Kiefer, attorneys).
The opinion of the Court was delivered by O'HERN, J.
*422 This appeal concerns the meaning of certain provisions of Chapter 52 "Expungement of Records" (N.J.S.A. 2C:52-1 to -32) of the Code of Criminal Justice. The specific question is whether the provisions of the Code permit the expungement of more than one disorderly persons conviction. The Appellate Division concluded that it did. We affirm that judgment.
Between the ages of twenty-one and twenty-four, A.N.J. was convicted of three disorderly persons offenses. He was convicted in Bay Head in 1973 of possession of less than twenty-five grams of marijuana, a violation of N.J.S.A. 24:21-20a(3); in Sea Bright in 1974 of fighting, a violation of N.J.S.A. 2A:170-27; and in 1976, in Holmdel, again of possession of less than twenty-five grams of marijuana.
In 1982, A.N.J. filed a petition, in Superior Court, to expunge his arrests and convictions in Sea Bright and Holmdel, pursuant to the provisions of N.J.S.A. 2C:52-1 to -32. That court entered an order to expunge the records in Monmouth County on July 30, 1982.
On September 7, 1982, A.N.J. filed a petition to expunge his Ocean County disorderly persons conviction. The prosecutor of Ocean County, on behalf of the Attorney General and the State Police, objected to the relief sought, asserting that the petitioner was ineligible for relief because not more than one disorderly persons offense could be expunged. The trial court agreed and denied the request for expungement:
I think that I have to deny the motion because I think that I am governed by the Construction Section 52-32. It is to provide relief to the one-time offender, and I think you are asking me now to provide relief to a three-time offender and I don't think I can do that.
If that section [32] wasn't in there, it might very well be that it didn't really matter how many there were, but I think the law is clear and I think I have to uphold it and so I will deny the application.
On appeal the Appellate Division reversed:
[W]e find ourselves unable to imply in the statute a legislative mandate that only one disorderly persons conviction may be expunged pursuant to N.J.S.A. *423 2C:52-1 et seq. We hold, rather, that the statute authorizes the expungement of up to three such convictions. [192 N.J. Super. 350, 355 (App.Div. 1983).]
We granted the State's petition for certification to review that judgment. 96 N.J. 278 (1984).
Both sides point to the plain language of the statute. The State asserts that by virtue of his subsequent disorderly persons convictions in Monmouth County, A.N.J. was ineligible for any relief in Ocean County pursuant to N.J.S.A. 2C:52-14a.[1] The State did not rely upon any other statutory basis for its objection. See, e.g., N.J.S.A. 2C:52-14b to -14f. The State's objection, pursuant to N.J.S.A. 2C:52-14a, was that "there was an [explicit] statutory construction, N.J.S.A. 2C:52-32, and this provided a clear and sufficient statutory basis for denial."
The State finds the unfulfilled "statutory prerequisite" in these words:
This chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records. [N.J.S.A. 2C:52-32.]
A.N.J. asserts that the plain language of the relevant operative provision of the act explicitly authorizes expungement of multiple disorderly persons offenses.
N.J.S.A. 2C:52-3 states in full:
Any person convicted of a disorderly persons offense or petty disorderly persons offense under the law of this State who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, or of another three disorderly persons or petty disorderly persons offenses, may, after the expiration of a period of 5 years from the date of his conviction, payment of fine, satisfactory completion of probation or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52-7 hereof to the Superior Court in the county in which the conviction was *424 entered praying that such conviction and all records and information pertaining thereto be expunged.
In addition, A.N.J. asserts that the clear implication of N.J.S.A. 2C:52-14e is that it is only the repeat conviction of a "crime" and not a "disorderly persons" offense that bars relief. That provision, establishing the statutory grounds for denial of relief, comes into play when
[a] person has had a previous criminal conviction expunged regardless of the lapse of time between the prior expungement, or sealing under prior law, and the present petition. * * * [N.J.S.A. 2C:52-14e (emphasis supplied).]
When the plain language of an act presents apparent inconsistencies, we seek the interpretation that will make the most consistent whole of the statute. See Poswiatowski v. Standard Chlorine Chem. Co., 96 N.J. 321, 329-30 (1984) (citing Perez v. Pantasote, Inc., 95 N.J. 105, 116 (1984)). We believe that viewing the internal structure of the act as a whole, Body-Rite Repair Co. v. Taxation Div. Director, 89 N.J. 540, 544 (1982), the most probable construction is that made by the Appellate Division.
The whole of the act derives from the meld of several provisions of prior law. The earliest act to which we refer is L. 1931, c. 345. That act was limited to "crimes" and made no provision for expungement of convictions. It focused upon removal of certain "disabilities" that flowed from such convictions. The statement accompanying a bill that in 1936 amended the original 1931 statute was as follows:
The purpose of this act is to assist only those persons who have one single conviction against them, and from the time of the conviction and for a period of ten years thereafter have lived exemplary lives during that time and are able to show by their petition that they have made a complete moral change. It will rest with the judge hearing the matter to decide by the exercise of his discretion whether the petitioning party would be entitled to this relief. This act reduces the period from twenty to ten years and provides notice to the chief of police of the municipality in addition to the prosecutor. [Statement to L. 1936, c. 174.]
See State v. Chelson, 104 N.J. Super. 508, 510 (Law Div. 1969). Since the 1931 and 1936 bills made no provision for the disabilities or expungement of disorderly persons offenses, the sponsor's statement would have no relevance to that issue.
*425 It was not until 1968 that the Legislature addressed the expungement[2] of disorderly persons offenses. L. 1968, c. 279. This authorized expungement of disorderly persons offenses provided that "no subsequent criminal or disorderly person conviction" has been entered within five years. Then, in 1973 the Legislature addressed the expungement of records of arrests and indictments of either category that did not lead to conviction. N.J.S.A. 2A:85-15 to -23, L. 1973, c. 191. This last act contained more detailed procedures for courts to apply in administering the expungement process.
Expungement of records of arrests and convictions presented law enforcement with serious problems of maintaining information. Thus the framers of the 1979 "Consensus Amendments" to the Criminal Code combined these several provisions and others dealing with drug and juvenile offenses into a single chapter, Chapter 52 of the new Code of Criminal Justice. L. 1979, c. 178. The Draft Model Code of 1971 and the Model Penal Code upon which that was based contained no similar provisions.
The new Chapter 52 was prepared by the State Division of Criminal Justice. The Senate Committee Statement to S. 3203, the bill that became Chapter 52, stated in pertinent part:
Sections 107 through 139 contains a new Chapter 52 dealing with expungement. The chapter developed by the Division of Criminal Justice spells out an equitable system of expungement of indictable and nonindictable offenses as well as of arrest records. The chapter provides for a practical administrative procedure within the Division of State Police which requires isolation of expunged [records] but not obliteration of same. Certain uses of expunged records, such as use by the Parole Board and the Department of Corrections, would be specifically authorized. [Statement to Senate, No. 3203 (June 18, 1979).]
As introduced and originally enacted, the enactment provided for expungement of disorderly persons offenses when "no conviction of a crime or two disorderly offenses occurred within 5 years." A 1981 amendment increased the number of disorderly *426 persons offenses to three. L. 1981, c. 290, § 43. The statement accompanying the 1981 amendment is significant because it emphasizes the Legislature's clear understanding of the difference between a "crime" and a "disorderly persons" offense. The statement recites:
Presently, a person convicted of certain crimes may have the record of that crime expunged after 10 years if he has not been convicted of another crime or adjudged a disorderly or petty disorderly person on more than two occasions. A person convicted of a disorderly or petty disorderly persons offense may have his record expunged if after 5 years he has not been convicted of a crime or adjudged a disorderly or petty disorderly person on more than two occasions. Thus, with regard to subsequent convictions for nonindictable offenses, a person seeking expungement of a disorderly or petty disorderly persons conviction is in the same position as a person seeking expungement of an indictable conviction. Considering the relative seriousness of a conviction for an indictable offense as compared to a disorderly or petty disorderly persons offense, it is felt that this creates an unfair situation. Therefore, section 46 would allow a person convicted of a disorderly or petty disorderly persons offense to have that conviction expunged if after 5 years he has not been convicted of a crime or adjudged a disorderly or petty disorderly persons offense [sic] on more than three occasions. [Statement to Senate Committee Substitute for Senate, No. 1537 at 9 (January 2, 1981).]
The Legislature thus reinforced in Chapter 52 that which is expressed in the Code concerning the differing significance between crimes and disorderly persons offenses. Title 2C explicitly differentiates crimes from disorderly persons offenses under N.J.S.A. 2C:1-4:
a. An offense defined by this code or by any other statute of this State, for which a sentence of imprisonment in excess of 6 months is authorized, constitutes a crime within the meaning of the Constitution of this State. Crimes are designated in this code as being of the first, second, third or fourth degree.
b. An offense is a disorderly persons offense if it is so designated in this code or in a statute other than this code. An offense is a petty disorderly persons offense if it is so designated in this code or in a statute other than this code. Disorderly persons offenses and petty disorderly persons offenses are petty offenses and are not crimes within the meaning of the Constitution of this State. There shall be no right to indictment by a grand jury nor any right to trial by jury on such offenses. Conviction of such offenses shall not give rise to any disability or legal disadvantage based on conviction of a crime. [Emphasis added.]
Further confirmation that the Legislature meant to limit expungement to the one-time "criminal" offender flows from the language of the operative provisions of the act. N.J.S.A. *427 2C:52-2 bars expungement of a conviction of a crime if the offender has been "convicted of any prior or subsequent crime."
This language contrasts with the language of N.J.S.A. 2C:52-3 that bars expungement of disorderly persons offenses only for those "convicted of any prior or subsequent crime * *, or of another three disorderly persons or petty disorderly persons offenses."
By making its disqualifier for another "crime" both retrospective and prospective, the Legislature has frozen the rights of the two-time criminal.[3] The act must be read to disapprove of the language of State v. Chelson, supra, 104 N.J. Super. at 510, that suggested that an offender could expunge the record of a last criminal conviction, although not able to use that to leapfrog backwards to wipe out an entire record. Cf. State v. D'Angerio, 124 N.J. Super. 240 (Law Div. 1973) (holding that the multiple offender could not expunge all of his convictions by simply removing them from his record one at a time). Implicit in this view is that the Legislature would also freeze the rights of the disorderly persons offender at three convictions. Beyond that, no matter when the offenses occur, relief should not be granted.
Anomalies may arise. In re F.A.U., 190 N.J. Super. 245, 247 (App.Div. 1983), recognizes the irony in concluding that one convicted of a crime and a disorderly persons offense may expunge the crime but not the disorderly persons offense. Yet courts must follow the act. Still, we see that, as in so many of the provisions of the Code of Criminal Justice, the Legislature has improved and advanced the administration of justice. For although it may have broadened, in some sense, the relief afforded the disorderly persons offender, it has correspondingly broadened the reliable base of information that will be maintained *428 for law enforcement. The Legislature has designed the present day expungement procedures so that expunged records can be used in situations such as sentencing, bail setting, parole hearings, and future expungement efforts. See N.J.S.A. 2C:52-17 to -23. In addition, expunged records shall be revealed if the petitioner later seeks employment within the judicial branch or with a law enforcement agency. N.J.S.A. 2C:52-27c.
In the last analysis, our role is to effectuate the legislative intent. Given the balance the Legislature has struck, we are satisfied that it would not want to impose broad permanent disabilities on two-time disorderly persons offenders. We are informed that this case arises in the context of an application for a hunting license. Were the application for pretrial intervention or to carry a handgun, even if the records were expunged, law enforcement would be aware of the applicant's record. The public and private interests involved can be best maintained in this way.
The judgment of the Appellate Division is affirmed.
For affirmance  Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI  7.
For reversal  None.
NOTES
[1] N.J.S.A. 2C:52-14a states:

A petition for expungement filed pursuant to this chapter shall be denied when:
a. Any statutory prerequisite, including any provision of this chapter, is not fulfilled or there is any other statutory basis for denying relief.
[2] The 1937 statutory revision of L. 1936, c. 174 first authorized the "expungement" of criminal convictions. R.S. 2:192-15.
[3] We need not cast doubt upon the view that a "one-night spree" could still constitute a one-time offense. See In re Patrick Fontana, 146 N.J. Super. 264, 267, 369 A.2d 935 (App.Div. 1976).