258 N.J. Super. 348 (1992)
609 A.2d 530
IN THE MATTER OF THE APPLICATION OF V.S. FOR EXPUNGEMENT OF RECORDS OF CONVICTION.
Superior Court of New Jersey, Law Division Criminal Part, Bergen County.
Decided May 26, 1992.
*349 Harry L. Cornish on behalf of Petitioner.
Brenda H. Rothman, Assistant Prosecutor (John J. Fahy, Bergen County Prosecutor, attorney).
HARRIS, J.S.C.
BACKGROUND
The question decided in this action is whether a tenured guidance counsellor in a public school system is entitled to expungement of the records of his conviction for child abuse committed in 1973. The Bergen County Prosecutor contends that N.J.S.A. 2C:52-14(b), coupled with N.J.S.A. 18A:6-7.1, evinces a public policy against expungement of convictions for child abuse. The petitioner argues that N.J.S.A. 2C:52-2 does not prohibit the expungement of convictions for child abuse, and that the Prosecutor has failed to sustain the burden of demonstrating that the availability of the records outweighs the desirability of having him freed from any disabilities of the conviction. I conclude that the Prosecutor has failed to demonstrate *350 a basis to deny the expungement, and petitioner is entitled to the relief sought.

FINDINGS OF FACT
In 1973 petitioner was employed as a counsellor at the Bergen County Children's Shelter where he was responsible for the care and custody of children between the ages of thirteen and sixteen. On a single night he and another employee verbally harassed, hazed, and inflicted corporal punishment on eleven children at the Shelter during a vain attempt to discover who had stolen the keys to a van.
Petitioner expressed genuine remorse and regret over the incident. He explained that his behavior was a terrible mistake; it was authority run amok in an overzealous attempt to follow orders from a superior officer. Petitioner described his behavior as irrational.
Although none of the children suffered permanent injuries, petitioner was indicted for child abuse, conspiracy, and misconduct in office. After a jury trial determined petitioner's guilt on the child abuse and conspiracy counts and acquitted him of the misconduct in office offense, petitioner was sentenced to a suspended one year term, probation of three years, fine of $500.00, and a special condition of probation that he not be employed in any capacity which required the custody or control of children in public institutions. Petitioner successfully completed his probationary sentence, during which he was employed as a drug rehabilitation counsellor for adults. Later, between 1979 and 1983 he was employed by an adult education program as a teacher.
In 1983 he was hired by a public school system as a guidance counsellor. In 1985 he was granted tenure. He has been continuously employed at a high school since 1983. Between 1986 and 1991 he served as the junior varsity and varsity baseball coach.
Petitioner has led a law abiding life for the last nineteen years. In fact, since 1983, he has been actively employed in the *351 very occupation that was foreclosed to him during his probationary sentence. There is every indication on this record that petitioner has been completely rehabilitated from the single aberrational life experience and its concomitant conviction that he now seeks to expunge.

CONCLUSIONS OF LAW
Anomalies abound in Chapter 52 "Expungement of Records" (N.J.S.A. 2C:52-1 to -32) of the Code of Criminal Justice. In re F.A.U., 190 N.J. Super. 245, 247, 463 A.2d 344 (App.Div. 1983) (one convicted of a crime and a disorderly offense may expunge the crime but not the disorderly offense); cf. State v. A.N.J., 98 N.J. 421, 427, 487 A.2d 324 (1985). This case presents another seemingly inconsistent application of Chapter 52 when viewed in light of N.J.S.A. 18A:6-7.1.
N.J.S.A. 18A:6-7.1 provides that a person shall be disqualified from employment in a facility, center, school, or school system under the supervision of the Department of Education if that person has been convicted of a crime endangering the welfare of children or incompetents[1]. This legislation became effective on October 8, 1986, after petitioner had already been employed as a high school guidance counsellor and after he had obtained tenure.
As a means to ensure whether a public school employee is disqualified under the statute, employers are obligated to obtain and review the prospective employee's criminal history *352 record from either the Federal Bureau of Investigation, Identification Division, or the State Bureau of Identification.
Moreover, the legislation permits an otherwise disqualified individual to demonstrate to the Commissioner of Education clear and convincing evidence of his rehabilitation, thereby obviating the disqualifying interest.
The Prosecutor contends that petitioner is disqualified from obtaining an expungement for two reasons: 1) the petitioner has been convicted of a prior or subsequent crime, thereby implicating N.J.S.A. 2C:52-2(a) and -14(a); and 2) the need for the availability of the records outweighs the desirability of having the petitioner freed from any disabilities otherwise provided in Chapter 52, thereby implicating N.J.S.A. 2C:52-14(b).
The Prosecutor's first objection is based upon the multiplicity of crimes committed on the single night in 1973. This situation has already been addressed in In re Fontana, 146 N.J. Super. 264, 369 A.2d 935 (App.Div. 1976) where it was determined that a series of unlawful actions committed in close temporal proximity to one another and the concomitant convictions therefor constitute a single event for expungement purposes. See also State v. A.N.J., supra, 98 N.J. at 427, 487 A.2d 324 (footnote 3); cf. Matter of J.N.G., 244 N.J. Super. 605, 609, 583 A.2d 364 (App.Div. 1990). Petitioner's actions on that fateful night nineteen years ago were a "one night spree" which resulted in judgments of conviction being entered at the same time following a joint trial, and the ultimate sentences were served concurrently. Accordingly, the Prosecutor's objection does not stand in the way of expungement.
The Prosecutor's second objection, however, gives more reason for pause and concern. It is the public policy of the State of New Jersey to protect children from unrehabilitated *353 persons working in public schools[2]. Petitioner has never had the opportunity to demonstrate that he is rehabilitated because he obtained his present employment and tenure before the implementation of the disclosure and disqualification statute. Without substituting myself for the Commissioner of Education, it readily appears that petitioner has been rehabilitated and he should have little difficulty in convincing the Commissioner. See N.J.S.A. 18A:6-7.1(e).
The Prosecutor's position generates legitimate concern because if petitioner were granted an order for expungement and were thereafter to seek employment in a different public school system, he would not have to disclose the existence of the conviction (N.J.S.A. 2C:52-27) and a criminal records history obtained from the State Bureau of Identification[3] would not reveal the existence of the conviction (N.J.S.A. 2C:52-15 and -30). Thus, petitioner could circumvent N.J.S.A. 18A:6-7.1 and its salutary purposes by the expedient of the expungement process.
There is nothing in Chapter 52 which preserves the availability of criminal records for inquiries by public school systems. N.J.S.A. 2C:52-17 to -23 provide an otherwise comprehensive list of those situations in which expunged records are preserved and available for specific purposes such as sentencing, bail setting, parole hearings, and future expungement efforts. Similarly, expunged records shall be revealed if the petitioner later seeks employment with the judicial branch, or with a law enforcement or corrections agency and such information shall continue to provide a disability as otherwise provided by law. There is no provision in Chapter 52 or elsewhere which permits *354 the expunged records to be revealed to public school systems and the statute does not require the prospective employee to reveal the existence of such records. The silence of the legislation is deafening.
This apparent legislative gap may be explained either as 1) intentional in the interest of promoting a parallel public policy, that is, the fostering of expungements, or 2) an inadvertent loophole. In the last analysis, my role is to effectuate the legislative intent. The maxim that the express mention of one thing implies the exclusion of another is an aid to the interpretation of intention. By expressly preserving criminal history records only for certain purposes it is arguable that the Legislature intended to restrict the availability of those records for public school purposes following an expungement. The intention of the Legislature is even more compelling and clear, however, when it is observed that Chapter 52 expressly prohibits the expungement of certain crimes, but does not preclude expungement for the crime of endangering the welfare of children which would trigger disqualification under N.J.S.A. 18A:6-7.1.
Given the historical anomalies in the expungement statute and the careful balance the Legislature has struck between disclosure/availability and the maintenance of certain records for certain purposes, I cannot conclude that the Legislature erred through inadvertence. If the Legislature had intended this type of conviction to be unavailable for expungement it would have clearly said so in N.J.S.A. 2C:52-2, or it would have preserved the availability of these records in N.J.S.A. 2C:52-17 to -23.
It is neither appropriate nor within my sphere of influence to recast and refashion a statutory scheme that, arguably, could provide more complete protection to children in our public schools. To deny petitioner's expungement would not only do violence to the necessary consequence of the interplay between Chapter 52 and Title 18A, but would also unfairly ignore *355 petitioner's two decades of achievement and probity which he has demonstrated by his words and conduct.

CONCLUSION
It would be most unseemly and presumptuous for me to fill a legislative gap, if a gap exists, by denying the relief requested by petitioner. Petitioner has conducted his life in a most exemplary and appropriate manner following the conviction nineteen years ago. He is the exemplar that the Legislature had in mind when it provided in N.J.S.A. 2C:52-32: "[t]his chapter shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself from unlawful activity ..." The petition is granted. An order memorializing the expungement shall be entered forthwith.
NOTES
[1] In similar fashion, N.J.S.A. 18A:39-17 et. seq. provide for criminal history investigations and potential disqualification of prospective school bus drivers; N.J.S.A. 30:4-3.4 et. seq. provide for criminal history investigations and potential disqualification of prospective employees at State institutions or facilities serving mentally ill or developmentally disabled persons. Cf. N.J.S.A. 18A:6-4.13 et. seq. which permit (but do not require) nonpublic elementary or secondary schools to require criminal history record checks for candidates for employment in any position which involves regular contact with pupils and N.J.S.A. 13:1E-126 et. seq. which provides for criminal history investigations of persons engaged in the collection, transportation, treatment, storage, and disposal of solid and hazardous waste.
[2] An analogous public policy extends to those activities described in footnote 1.
[3] On the other hand, it appears that if a public school system were to inquire of the Federal Bureau of Investigation, Identification Division, pursuant to N.J.S.A. 18A:6-7.1, it would be able to obtain information concerning an otherwise expunged incident, if the prospective employee has an FBI number.