167 N.J. Super. 318 (1979)
400 A.2d 854
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
FELIX MILANO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 26, 1979.
*320 Mr. James H. Rollyson for defendant.
Mr. Michael L. Rosenberg, Assistant Prosecutor, for the State of New Jersey (Mr. David Linett, Somerset County Prosecutor, attorney).
MEREDITH, J.S.C.
Defendant was charged with threatening the life of William Negvesky by a telephone call to Donna Pruitt (count 1) and by telephone calls to Thomas and Michael Negvesky (count 2), in violation of N.J.S.A. 2A:113-8. At the close of the State's case defendant moved for a judgment of acquittal on the ground that evidence of a threat to kill a person, transmitted to a third party, is insufficient as a matter of law to justify a conviction under N.J.S.A. 2A:113-8. Defendant's motion raises a question that has not heretofore been addressed by the courts of this state.
N.J.S.A. 2A:113-8 provides in pertinent part:
Any person who, in public or private, by speech, writing, printing or drawing, or by any other method:
* * *
b Threatens to take or procure the taking of the life of any person 
Is guilty of a high misdemeanor * * *.
In construing this statute the courts of New Jersey have consistently looked to prior judicial interpretations of a *321 Maine statute, 17 M.R.S.A. § 3701, which is "essentially similar" to N.J.S.A. 2A:113-8.[1]State v. Kaufman, 118 N.J. Super. 472, 474 (App. Div. 1972), certif. den. 60 N.J. 467 (1972); State v. Green, 116 N.J. Super. 515 (App. Div. 1971), mod. on other grnds. 62 N.J. 547 (1973); State v. Schultheis, 113 N.J. Super. 11 (App. Div. 1971), certif. den. 58 N.J. 390 (1971).
State v. Cashman, 217 A.2d 28, 29 (Me. Sup. Jud. Ct. 1966), noted that a "threat" involves a communication which, in the context of the circumstances and the relationship between the parties, would ordinarily create fear or alarm. State v. Lizotte, 256 A.2d 439, 442 (Me. Sup. Jud. Ct. 1969), held that the essence of a "threat" is its capacity to convey menace or fear to the ordinary hearer under the circumstances, regardless of whether anyone is in fact frightened by the communication. Relying on these decisions, the New Jersey courts have construed N.J.S.A. 2A:113-8 such that (1) in order to constitute a substantive "threat" under the statute, the words must be of a nature that would convey menace or fear to an ordinary hearer under the circumstances, and (2) while an intent to menace or frighten is necessary, neither intent to carry out the threat nor the actual inducement of fear are elements of the offense. State v. Kaufman, supra 118 N.J. Super. at 474; State v. Green, supra 116 N.J. Super. at 529; State v. Schultheis, supra 113 N.J. Super. at 17; N.J. State Bar Ass'n/Institute for Continuing Legal Education, Model Jury Charges (Criminal) § 2.290 (2d Ed. 1978).
State v. Lizotte, supra, dealt only inferentially with the question now before the court. Nonetheless, it is noteworthy *322 that the following portion of the trial court's charge to the jury was approved by the Supreme Judicial Court of Maine, as a fair and accurate statement of that state's law:
* * * The threat doesn't even have to be particularly communicated to that person, the intended victim * * * a threat can be fairly far-reaching in its effect. It doesn't even have to reach the threatened person's ears directly. It can reach him through publication. [256 A.2d at 442]
The court's approval of this charge suggests that although a threat need not be communicated directly to the victim, it must by some means actually reach him. More recently, State v. Sondergaard, 316 A.2d 367 (Me. Sup. Jud. Ct. 1974), construed the Maine statute even more broadly, in the context of a case much like the one that is presently before this court. In affirming the dismissal of an indictment based upon the insufficiency of its factual allegations, the court in Sondergaard held that a communication to a third party rather than to the victim directly could under certain circumstances constitute a substantive "threat" within the statute.
* * * In the present context * * * without (at minimum) additional allegations of the existence of a special relationship between [the hearer] and [the victim] by virtue of which, in accordance with the ordinary course of human experience, it could justifiably be thought reasonably likely that [the hearer] would be alarmed or caused anxiety of a "promise of evil" to [the victim], or absent allegations of circumstances indicating probability that [the victim] would learn of the "menace" to his life thus to indicate a reasonable likelihood that alarm or fear would be induced in him, the instant indictment cannot * * * be adequate to charge a true substantive "threat" within the contemplation of 17 M.R.S.A. § 3701. [316 A.2d at 370]
This court is persuaded by the reasoning of State v. Sondergaard, supra. Since "the gist of this crime is that the words used are of such a nature as to convey the menace *323 or fear to the ordinary hearer," (State v. Schultheis, supra 113 N.J. Super. at 17), the identity of the hearer is immaterial so long as the words have the capacity to induce fear in an ordinary person under the circumstances. Thus, the legal sufficiency of the evidence in the instant case is controlled not by the identity of the hearer as such, but by considering the hearer's identity as part of the surrounding circumstances in determining whether the communication constitutes a "threat" under the statute.
In the case at bar there was evidence before the jury that Donna Pruitt, who received the telephone call alleged in count 1 of the indictment, was the girlfriend of the victim, William Negvesky. There was also evidence that Thomas and Michael Negvesky, who received the calls alleged in count 2, were the brothers of the victim, and that these calls were received at William Negvesky's home. Thus, as to each count of the indictment, the surrounding circumstances (including the relationships between the hearers and the victim) were such that the jury could properly find a "threat" within the meaning of N.J.S.A. 2A:113-8, in spite of the fact that the alleged telephone calls referred to the death of William Negvesky but were not directly communicated to him. Because the lack of direct communication between defendant and the victim in this case does not render the evidence legally insufficient for conviction under N.J.S.A. 2A:113-8, defendant's motion on this ground is denied.
NOTES
[1] 17 M.R.S.A. § 3701 provides: "Whoever makes, publishes or sends to another any communication, written or oral, containing a threat to injure the person or property of any person, shall be punished * * *." This statute was repealed, effective May 1, 1976 and replaced by 17-A M.R.S.A. § 210 (supp. 1977), which prohibits threats of violence "* * * against the person threatened or another * * *."