172 N.J. Super. 361 (1980)
412 A.2d 129
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FELIX MILANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1980.
Decided February 20, 1980.
*362 Before Judges MATTHEWS, ARD and POLOW.
James C. Rollyson argued the cause for appellant.
Mary Jane Cooper, Deputy Attorney General, argued the cause for respondent (John J. Degnan, Attorney General of New Jersey, attorney; Raymond J. Marquez, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
We affirm the judgment of conviction substantially for the reasons expressed in Judge Meredith's opinion which is reported at 167 N.J. Super. 318.
Defendant's claim that the jury's verdict was against the weight of the evidence is without merit. We note that defendant failed to file a motion for a new trial within ten days after the verdict. R. 3:20-2. Unless it clearly and convincingly appears that there has been "a manifest denial of justice under the law," a jury verdict will not be set aside as against the weight of evidence. R. 3:20-1. The jury verdict in this instance is clearly supported both by the evidence and by the analysis of the case law made by Judge Meredith.
Finally, defendant notes that he elected not to testify. That decision was communicated to the trial judge at the close *363 of the State's case. Defendant maintains therefore that the fact that the trial judge permitted the State to introduce evidence concerning his marital status and the relationship of his ex-wife to Donna Pruitt violated his privilege against self-incrimination. He maintains that it was stipulated at the beginning of the trial that the only incident which would be permitted into evidence concerned the vandalism which had occurred to his property prior to the threats in issue. Defendant's argument that this explanatory testimony violated his privilege against self-incrimination is not persuasive. Furthermore, in view of the overwhelming evidence of defendant's guilt, assuming any error occasioned by the admission of the challenged testimony, we regard it as harmless error incapable of producing an unjust result. R. 2:10-2; State v. Lair, 62 N.J. 388, 392 (1973).
Affirmed.