**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4849-16T2

SHAKEY NORMAN,

      Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

Submitted December 12, 2018 – Decided December 31, 2018

Before Judges Vernoia and Moynihan.

On appeal from the New Jersey Department of Corrections.

Shakey Norman, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Erica R. Heyer, Deputy Attorney General, on the brief).

PER CURIAM

Shakey Norman appeals from a New Jersey Department of Corrections' (DOC) final agency decision finding him guilty of committing prohibited act *.005, threatening another with bodily harm, in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii). We are convinced the DOC's decision is not supported by substantial credible evidence and reverse.

Norman is serving a ten-year sentence for robbery and is an inmate at Northern State Prison. In May 2017, a DOC nurse reported to the DOC Special Investigations Division (SID) that Norman sent a letter to her at her home. The nurse further reported that she "only knew [Norman] from [the] medication line" at another DOC facility[1] and had never provided him with any personal information or her address and had not authorized him to contact her. The nurse also explained she previously received a letter from Norman and had reported her receipt of that letter to the SID. She requested that Norman "stop trying to contact" her because she had "nothing to say to him."

---

[1] It appears Norman previously served part of his prison sentence at South Woods State Prison.

A-4849-16T2

In pertinent part, the letter[2] states that the nurse "crossed [Norman's] mind on many occasions," and that he had expressed to her in the past that she was "attractive" to him. He explained that he was going to be released in September 2017, and stated "maybe we can go on a date." He asked the nurse to email him and said he "miss[ed] talking and joking around with" her and "hope[d] [to] hear from" her.

The DOC served Norman with a disciplinary charge alleging he committed prohibited act .702, unauthorized contacts with the public, in violation of N.J.A.C. 10A:4-4.1(a)(3)(xviii). Norman was assigned a counsel substitute. At the initial hearing, the DOC amended the charge to allege prohibited act *.005, threatening another with bodily harm, in violation of N.J.A.C. 10A:4-4.1(a)(2)(ii). The record reflects that Norman pleaded "guilty" to the *.005 charge, admitting he sent the letter to the nurse. His counsel substitute argued that "the language in the letter was ambiguous and not threatening in nature" and requested that the charge "be modified to" allege prohibited act "[.]709[,] undue familiarity with staff."[3]

_____

[2] The letter is dated "4-14-2017." The nurse reported that she received the letter on April 25, 2017. She reported her receipt of the letter to SID in May 2017.

[3] Prohibited act .709 is a "failure to comply with a written rule or regulation of the correctional facility." N.J.A.C. 10A:4-4.1(a)(4)(ix).

The hearing officer found Norman guilty of prohibited act *.005 and summarized the evidence supporting the determination. The hearing officer explained that Norman admitted sending the letter, and that the nurse did not know how Norman obtained her address and wanted Norman to stop sending her letters. The hearing officer found Norman stated the nurse was "attractive to" him and that "he may show up at her place of residence." The hearing officer also determined Norman did "not indicate he will harm" the nurse. The hearing officer noted the letter was "not the first letter" Norman sent to the nurse.

The hearing officer imposed sanctions including 181 days of administrative segregation, 365 days' loss of commutation time, thirty days' loss of recreational privileges and a verbal reprimand. Norman appealed the hearing officer's decision. A DOC assistant superintendent upheld the hearing officer's decision and sanctions. This appeal followed.

Norman offers the following argument for our consideration:

POINT I

THE DECISION OF THE HEARING OFFICER VIOLATED DUE PROCESS AND THEREFORE SHOULD BE VACATED.

(a) The Decision of the Hearing Officer Should be Vacated Because the Determination was not Based Upon Substantial or Credible Evidence.

A-4849-16T2

Our standard of review of agency determinations is limited.  See In re Stallworth, 208 N.J. 182, 194 (2011); Brady v. Bd. of Review, 152 N.J. 197, 210 (1997); Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).  We will not reverse the decision of an administrative agency unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole."  Stallworth, 208 N.J. at 194 (alteration in original) (citation omitted); accord Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 259 (App. Div. 2010).  Nonetheless, "we will not perfunctorily review and rubber stamp the agency's decision," Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003), and must "engage in a 'careful and principled consideration of the agency record and findings,'" Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (quoting Mayflower Sec. Co. v. Bureau of Sec., Div. of Consumer Affairs, 64 N.J. 85, 93 (1973)).

N.J.A.C. 10A:4-9.15(a) requires that "[a] finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act."  The hearing officer must specify the evidence relied upon in making a finding of guilt. N.J.A.C. 10A:4-9.15(b). Substantial evidence needed to sustain guilt of an infraction is "such evidence [that] a reasonable mind might

accept as adequate to support a conclusion." In re Pub. Serv. Elec. & Gas, 35 N.J. 358, 376 (1961) (citations omitted).

Prohibited act *.005 is committed where an inmate "threaten[s] another with bodily harm or with any offense against his or her person or his or her property." N.J.A.C. 10A:4-4.1(a)(2)(ii). "The determination of whether [an action] constitutes a threat is made on the basis of an objective analysis of whether [the action] conveys a basis for fear." Jacobs v. Stephens, 139 N.J. 212, 222 (1995). For example, in the criminal context, a terroristic threat occurs where "the words or conduct [are] of such a nature as would reasonably convey the menace or fear of death to the ordinary hearer." Id. at 222-23 (alteration in original) (quoting State v. Nolan, 205 N.J. Super. 1, 4 (App. Div. 1985)).

Based on our review of the record, we are convinced the DOC's finding that Norman committed prohibited act *.005 is not supported by substantial credible evidence. Viewed objectively, Norman's letter simply does not contain any threats, either express or implied, of bodily harm or the commission of any other offense. Moreover, there is no evidence beyond the content of the letter supporting an objective conclusion that the mailing of the letter conveyed a basis

for any fear of bodily harm or the commission of any offense.[4]   Indeed, the hearing officer found the letter did not include any suggestion Norman "would harm" the nurse, and the nurse did not report that she feared Norman would cause her bodily injury or commit an offense against her.  Rather, she reported only that she wanted Norman's unwelcome and unwanted communications to stop.

To be sure, Norman's unsolicited letter to the nurse is inappropriate and unwelcome and, for those reasons, Norman may have been appropriately charged with other prohibited acts, including the initial charge of committing prohibited act .702, unauthorized contacts with the public, or .709, violating written rules or regulations of the correctional facility.  The DOC, however, chose to amend the initial charge and prosecute Norman only for prohibited act *.005, which required proof that he threatened the nurse with bodily injury or the commission of another offense.  For the reasons noted, the evidence failed to sustain the DOC's burden of presenting substantial credible evidence supporting those elements of the alleged offense.

---

[4]  There is no basis in the record to conclude that Norman's alleged prior mailing of a letter to the nurse supports a finding that the letter sent in April 2017 constituted a threat of bodily harm.  The prior letter was not presented to the hearing officer and is not part of the record.

We reject the notion that, under the circumstances presented here, Norman's purported guilty plea to prohibited act *.005 is sufficient to support the DOC's determination. Cf. Avant v. Clifford, 67 N.J. 496, 530 (1975) (finding an inmate's guilt on a disciplinary infraction may be supported by an admission to the infraction). In summarizing the evidence supporting the determination Norman committed prohibited act *.005 as required by N.J.A.C. 10A:4-9.15(b), the hearing officer does not rely on Norman's purported plea.[5] Instead, the hearing officer relied only on Norman's admission that he sent the letter and the statements in the letter. As noted, that evidence is insufficient to support the DOC's determination that Norman committed prohibited act *.005.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5] In his brief on appeal, Norman denies pleading guilty to prohibited act *.005 and argues that he actually pleaded guilty to the initial charge, the commission of prohibited act .702. Although the DOC records include an "X" in a box indicating that Norman pleaded guilty to prohibited act *.005, the handwritten portions of the records reflect that Norman admitted only that he mailed the letter to the nurse. The DOC records further demonstrate Norman denied threatening the nurse either by sending the letter or in any other manner. Those denials are inconsistent with a purported plea of guilty to prohibited act *.005. In any event, and as noted, Norman's purported guilty plea is not cited as a basis for the hearing officer's determination of Norman's guilt. See N.J.A.C. 10A:4-9.15(b).

A-4849-16T2