261 N.J. Super. 30 (1992)
617 A.2d 678
HOLLY DESIATO, PLAINTIFF,
v.
COLIN ABBOTT, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Morris County.
October 30, 1992.
*31 Bernard Recenello, pro bono, for plaintiff.
John Iaciofano, for defendant.
BOZONELIS, J.S.C., P.J.F.P.
This matter was opened to the court on the application of defendant to dismiss on jurisdictional grounds a temporary restraining order obtained by plaintiff under the Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 et seq. Defendant argues that the plaintiff does not meet the definition of a "victim of domestic violence" under the Act since the parties were never married, nor had a child in common, and more specifically were not "present or former household members" in that they never lived together. N.J.S.A. 2C:25-19(d).
The procedural case history shows that the plaintiff filed a complaint and obtained a temporary restraining order on ex-parte application on September 8, 1992 alleging assault and *32 harassment by the defendant. On the adjourned return date for the final hearing, this court heard oral argument and took testimony on the jurisdictional issue only. In that regard, plaintiff alleges that the parties commenced dating in or about October, 1991. Thereafter she claims to have regularly spent overnights at defendant's residence, his parents' home, sometimes for weeks at a time, in effect living with him and qualifying her as a "household member" under the Act. She further states that the parties' relationship was only temporarily interrupted in March, 1992. At that time, plaintiff first obtained a temporary restraining order under the Act which was voluntarily dismissed prior to final hearing as the parties reconciled a week later. Plaintiff's testimony concludes with the allegation that, although her legal residence was her mother's home, she kept clothing, jewelry, personal grooming items and other personal effects at defendant's residence. In contrast, defendant's testimony directly contradicts these allegations and alleges the parties never regularly spent overnights and/or lived together. Each side presents corroborating witnesses in support of their respective positions.
Despite the general conflicting testimony, the evidence shows that plaintiff had remained overnight at defendant's residence on several occasions during a weekend or a mid-week night and that the parties were constant companions. In this setting, the court finds credible plaintiff's testimony that she maintained clothes, jewelry and other personal effects at defendant's residence. Defendant, however, continues to argue that since the parties never regularly lived together, and since plaintiff did not maintain her legal residence at defendant's home, the criteria of plaintiff as a victim under the Act as a "present or former household member" is not met.
While the Act itself does not define such language, the Legislative Declaration under N.J.S.A. 2C:25-18 states, in part, that

*33 "... it is the responsibility of the Courts to protect the victims of violence that occurs in a family or family-like setting by providing access to both emergent and long-term civil and criminal remedies and sanctions, and by ordering those remedies and sanctions that are available to assure the safety of the victims and the public. To that end, the Legislature encourages ... the broad application of the remedies available under this Act in the civil and criminal Courts of this State."
This stated legislative intent mandates this court to liberally construe the remedies available and to protect any victim of violence occurring in a "family or family-like setting". The phraseology of "family-like setting" invites by its very term a liberal interpretation. A flexible approach is warranted. See also, Regan v. Regan, 246 N.J. Super. 473, 480, 587 A.2d 1330 (Ch.Div. 1991), citing, Carr v. Carr, 120 N.J. 336, 351, 576 A.2d 872 (1990). "... The Legislature has recognized that Courts' equitable powers are particularly appropriate in the context of domestic relations", Carr, supra, 120 N.J. at 351, 576 A.2d 872, and the Act's Legislative Declaration has encompassed domestic violence in this reasoning.
Analysis of the legislative history shows that the language of the former domestic violence statute, N.J.S.A. 2C:25-3, required a victim to have cohabited, meaning having resided together in the same living quarters, with the defendant. The new Act deleted this definition of victim and adopted the broader term "household member". Although the Act does not define "household member", a fortiori, it cannot mean to hold residency and cohabitation as a prerequisite. "Household" is not a word of art and is a word of uncertain meaning. See Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 8, 170 A.2d 800 (1961) and Crossfield v. Phoenix Ins. Co., 77 N.J. Super. 476, 479, 187 A.2d 20 (App.Div. 1962). "Its meaning is not confined within certain commonly known and universally accepted limits." Mazzilli, supra, 35 N.J. at 8, 170 A.2d 800. "Household" is generally treated to be a more comprehensive term than family, and most courts acknowledge that the term "family" itself is "variable and capable of different definitions depending on the context in which it is used." See Brokenbaugh *34 v. M.J. Manufacturers Ins. Co., 158 N.J. Super. 424, 431, 386 A.2d 433 (App.Div. 1978), citing, Tepper v. Royal Arcanum, 61 N.J. Eq. 638, 642, 47 A. 460 (E & A 1900); Cicchino v. Biarsky, 26 N.J. Misc. 300, 61 A.2d 163 (D.Ct. 1948).
Applying this reasoning to what is meant by a "household member" under the Act, the definition requires more than a casual dating relationship but less than the parties residing together. On a case-by-case determination, the definitional standard of a "household member" is to be measured by the frequency of time the parties spend together in the context of one or more of the following criteria, by way of example and not limitation, to establish a "family-like setting" consistent with the Legislative Declaration:
1. Constancy of the relationship.
2. Over-night stays at each other's residence.
3. Personalty items such as jewelry, clothing and personal grooming effects stored at each other's residences.
4. Shared property arrangements, such as automobile usage, access to each other's bank accounts and one mailing address for billings or other legal purposes.
5. Familiarity with each other's siblings and parents socially in dining and/or entertainment activities together, and/or attendance together at extended family functions such as weddings.
Applying this standard to the facts herein, the court finds that plaintiff meets the jurisdictional requirements of an alleged victim of domestic violence under the Act as a "household member". The parties spent time together as constant companions coupled with overnight stays at defendant's residence on several occasions. Plaintiff kept personal effects such as clothing, jewelry and grooming items at defendant's residence. They dined together and with defendant's parents. A "family-like setting" resulted wherein the parties were de facto "household members". Jurisdiction applies and the protection *35 of the Prevention of Domestic Violence Act is to be afforded to plaintiff. The Legislative Declaration is clear. The matter is to be set down for final hearing on the merits.