tenure case, there is no warrant for application of a doctrine of preclusion.

Obviously, the better course would have been for DYFS to seek to participate in the tenure matter to assure that its interests were protected. *See N.J.A.C.* 6:24–1.7; *N.J.A.C.* 1:1–16.1 to –16.6. Having failed to do so, we see no reason why Mrs. Spencer should be required at this point to undergo the rigors of a totally new hearing including all of the discredited witnesses against her. The most economical and just disposition of this case demands that it be sent back to the ALJ who presided over the tenure charges. DYFS can present any additional evidence it has to support the charges against Mrs. Spencer and she, in turn, may challenge the evidence, cross-examine witnesses and present evidence of her own on the subject. Thereafter, the ALJ may recommend to DYFS whether the allegations of substantiated abuse against Mrs. Spencer should remain in the Central Registry based upon a preponderance of the evidence standard. *N.J.S.A.* 52:14B–10(c). *In re Polk,* 90 *N.J.* 550, 560–61, 449 *A.*2d 7 (1982).

Reversed and remanded for proceedings consonant with this opinion.

714 A.2d 349

STATE OF NEW JERSEY, RESPONDENT–RESPONDENT, v. ALEXANDRA OCHOA, A/K/A VICTORIA ORDONEZ, A/K/A PAMELA CORDOVA, PETITIONER–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted July 7, 1998—Decided July 22, 1998.

Before Judges SKILLMAN and WEFING.

*Miller & Menaker*, attorneys for appellant (*Steven Menaker*, on the brief).

*Jeffrey S. Blitz*, Atlantic County Prosecutor, attorney for respondent (*Jack R. Martin*, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

The issue presented by this appeal is whether a conviction in another jurisdiction of an offense which would be a disorderly persons or petty disorderly persons offense if committed in New Jersey must be considered in determining whether a person who has been convicted of a disorderly persons or petty disorderly persons offense in New Jersey is eligible to seek expungement of that conviction.

*N.J.S.A.* 2C:52–3 provides:

> Any person convicted of a disorderly persons offense or petty disorderly persons offense under the laws of this State who has not been convicted of any prior or subsequent crime, whether within this State or any other jurisdiction, or of another three disorderly persons or petty disorderly persons offenses, may, after the expiration of a period of 5 years from the date of his conviction, payment of fine, satisfactory completion of probation or release from incarceration, whichever is later, present a duly verified petition as provided in section 2C:52–7 hereof to the Superior Court in the county in which the conviction was entered praying that such conviction and all records and information pertaining thereto be expunged.

Petitioner filed a petition seeking the expungement of three convictions for disorderly persons and petty disorderly persons offenses which she committed in New Jersey in 1990 and 1991: one for solicitation for prostitution, in violation of *N.J.S.A.* 2C:34–1, and two for defiant trespass, in violation of *N.J.S.A.* 2C:18–3b. Because a person who has committed three or less disorderly persons and petty disorderly persons offenses may seek expungement of all of his or her convictions, *State v. A.N.J.*, 98 *N.J.* 421, 487 *A.2d* 324 (1985), petitioner concededly would have been eligible to seek expungement if her criminal record consisted solely of the three convictions in New Jersey. However, petitioner also has been convicted in other jurisdictions of four additional offenses which would be classified as disorderly persons or petty disorderly persons offenses in New Jersey: one conviction in Honolulu, Hawaii, for prostitution, and three convictions in New York City of loitering for the purpose of engaging in prostitution.

In arguing that these out-of-state convictions should be disregarded in determining her eligibility to seek expungement of her New Jersey convictions, petitioner relied upon *State v. H.J.B.*, 240

*N.J.Super.* 216, 572 *A.*2d 1205 (Law Div.1990), in which the court concluded that a disorderly persons offense committed in another jurisdiction may not be considered in determining eligibility to seek expungement of a disorderly persons, petty disorderly persons or municipal ordinance conviction in New Jersey. The court in *H.J.B.* noted that although *N.J.S.A.* 2C:52–2, 3 and 4 all preclude expungement "if the petitioner has been convicted 'of a prior or subsequent crime, whether within this state or any other jurisdiction[,]' . . . [t]he absence [in *N.J.S.A.* 2C:52–3 and 4] of the phrase 'whether within this state or any other jurisdiction' as to d.p., p.d.p. and m.o. offenses indicates that the Legislature intended *only* New Jersey d.p. and p.d.p. be considered." *Id.* at 221, 572 *A.*2d 1205.

The trial court disagreed with the interpretation of *N.J.S.A.* 2C:52–3 and 4 adopted in *H.J.B.* and concluded that petitioner's four convictions in other jurisdictions precluded consideration of her petition for expungement. The court stated that if disorderly persons and petty disorderly persons offenses were disregarded in determining the applicability of the numerical bar to relief under *N.J.S.A.* 2C:52–3, it would be inconsistent with the "spirit and letter of the expungement statute" and with what "the legislature meant to accomplish when it enacted that laudable statute." We agree with the trial court's analysis and affirm the denial of petitioner's application for the expungement of her three New Jersey convictions for disorderly persons and petty disorderly persons offenses.

"It is well established that in construing a statutory provision, courts must seek to fulfill the statutory objective 'so far as the terms of the legislation and proper consideration of the interests of those subject to it will fairly permit.' " *State v. Haliski,* 140 *N.J.* 1, 9, 656 *A.*2d 1246 (1995) (quoting *State v. Gill,* 47 *N.J.* 441, 444, 221 *A.*2d 521 (1966)). "Where a literal rendering will lead to a result not in accord with the essential purpose and design of the act, the spirit of the law will control the letter." *New Jersey Builders, Owners & Managers Ass'n v. Blair,* 60 *N.J.*

330, 338, 288 *A.*2d 855 (1972). "[T]o that end 'words used may be expanded or limited according to the manifest reason and obvious purpose of the law.' " *Id.* at 340, 288 *A.*2d 855 (quoting *New Capitol Bar & Grill Corp. v. Division of Employment Sec.*, 25 *N.J.* 155, 160, 135 *A.*2d 465 (1957) (internal quotations omitted)).

*N.J.S.A.* 2C:52–32 states:

> [The laws relating to expungement] shall be construed with the primary objective of providing relief to the one-time offender who has led a life of rectitude and disassociated himself with unlawful activity, but not to create a system whereby periodic violators of the law or those who associate themselves with criminal activity have a regular means of expunging their police and criminal records.

In the case of a person whose convictions consist solely of disorderly persons and petty disorderly persons offenses, the expungement law extends relief not only to the one-time offender but also to a person who has committed up to three such offenses. *State v. A.N.J., supra,* 98 *N.J.* at 427, 487 *A.*2d 324. However, the Legislature intended to "freeze the rights of the disorderly persons offender at three convictions. Beyond that, no matter when the offenses occur, relief should not be granted." *Ibid.* It would be manifestly inconsistent with this legislative intent to expunge the New Jersey convictions of a habitual petty offender who has committed numerous petty offenses in other jurisdictions but no more than three such offenses in New Jersey. Moreover, this anomalous result is not compelled even by a literal reading of *N.J.S.A.* 2C:52–3, which bars expungement of convictions for disorderly persons and petty disorderly offenses if the petitioner has "another three disorderly persons or petty disorderly persons offenses," without specifying that such offenses must have been committed within this State. Therefore, even though *N.J.S.A.* 2C:52–3 expressly states that expungement is barred if the petitioner has been convicted of a crime, "whether within this State or any other jurisdiction," without repeating this phrase in regard to other convictions for disorderly persons and petty disorderly persons offenses, we are unwilling to construe this omission as an affirmative expression of a legislative intent that convictions of disorderly persons and petty disorderly persons in other jurisdic-

tions should be disregarded in determining a petty offender's eligibility to seek the expungement of convictions pursuant to *N.J.S.A.* 2C:52–3. Accordingly, we conclude that petitioner is not eligible to seek expungement of her New Jersey disorderly persons and petty disorderly persons convictions and that *H.J.B.* must be overruled.

Affirmed.