minor mistake in the judgment. Accordingly, we reverse and remand in part: (1) for a calculation by the court's expert of the amount owed defendant for his membership interest in Classic Mortgage from January 1 through July 18, 2003, using Morrison's valuation methodology; and (2) for a recalculation of the final judgment based upon the figure of $750,000, instead of the non-rounded figure of $759,056, which was used in the final judgment. As Judge Passero correctly noted, the final judgment under review mistakenly included the non-rounded off figure.

Affirmed in part, reversed in part, and remanded in part.

926 A.2d 887

D.V., PLAINTIFF, v. A.H., DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Ocean County

Decided January 26, 2007.

*Agustina Champion,* for plaintiff (*De Noia & Tambasco,* attorneys).

Defendant failed to appear.

BLANEY, J.S.C.

Plaintiff in this case seeks a final restraining order under the Prevention of Domestic Violence Act of 1991, *N.J.S.A.* 2C:25-17 to –35.

The question to be determined is whether defendant committed an act of domestic violence against plaintiff, his sister-in-law, under the facts of this case. The determination of whether the court has jurisdiction appears to be one of first impression.

Defendant is the biological father of the child, A.H., whose date of birth was July 23, 1997. The child was removed from defendant and his wife, A.H.'s biological mother Arlene, by the State of New Jersey Division of Youth and Family Services (DYFS) in August of 1997, when the child was one week old. The child was

placed with plaintiff and her husband, who were Arlene's sister-in-law and brother. The child was returned to Arlene when the child was eleven months old. However, DYFS again removed the child and placed her in plaintiff's home. On July 27, 2000, Superior Court Judge John A. Peterson issued an order awarding the plaintiff and her husband legal and physical custody of the child. A second order was entered by Judge Peterson on September 25, 2000, which again granted legal and physical custody to plaintiff and her husband and also gave defendant unsupervised parenting time. Arlene had died on July 17, 2000.

The allegations by plaintiff are that defendant has harassed plaintiff, verbally abused plaintiff by using coarse and offensive language, threatened plaintiff with death, and engaged in annoying and harassing conduct by calling plaintiff on numerous inconvenient occasions on a regular basis. Plaintiff alleges all of these acts fall within the Prevention of Domestic Violence Act because plaintiff and defendant share a "child in common."

Under *N.J.S.A.* 2C:25–19(d), a "Victim of Domestic Violence" is defined in part, with emphasis added, as:

Any person who is 18 years of age or older or who is an emancipated minor and who has been subjected to domestic violence by a spouse, former spouse or any other person who is a present or former household member. *Domestic violence also includes any person, regardless of age, who has been subjected to domestic violence by a person with whom the victim has a child in common,* or with whom the victim anticipates having a child in common, if one of the parties is pregnant.

In *Storch v. Sauerhoff,* 334 *N.J.Super.* 226, 229, 757 *A.*2d 836 (Ch.Div.2000), the judge found that a grown stepdaughter was the victim of an act of domestic violence committed by her stepmother whom she had not lived with for nineteen years. The judge found, however, that "the parties in this case have a long standing familial and emotional relationship which the plaintiff alleges has been characterized by controlling and verbal abuse." *Id.* at 234, 757 *A.*2d 836.

The judge further stated that the question as to whether the parties could be considered household members

must be based upon the "qualities and characteristics of the particular relationship and not upon a mechanistic formula in a definition." See *Dunphy v. Gregor,* 261 *N.J.Super.* 110, 122, 617 *A.*2d 1248 (App.Div.1992).

[*Storch, supra,* 334 *N.J.Super.* at 235, 757 *A.*2d 836.]

While this case does not fall within the category of household members, the same logic employed in *Storch* applies to this case. Here plaintiff has legal and physical custody of defendant's child. Defendant, as the biological father and by way of a court order has parenting-time rights. There would be no need for any contact between the parties but for the fact that they have the child in common. The term "child in common" is not specifically defined in *N.J.S.A.* 2C:25–19(d). However, the Legislature in enacting the Prevention of Domestic Violence Act mandated that "it is the responsibility of the courts to protect victims of violence that occurs in a *family or family-like setting." Desiato v. Abbott,* 261 *N.J.Super.* 30, 32–33, 617 *A.*2d 678 (Ch.Div.1992) (emphasis added).

■ Additionally, the Act is clearly a remedial statute and, as such, is to be construed to give the terms used the most extensive meaning to which they are reasonably susceptible, and the Act is to be liberally construed to achieve its salutary purposes. *Cesare v. Cesare,* 154 *N.J.* 394, 400, 713 *A.*2d 390 (1998).

It is clear in this case that plaintiff and defendant share a "family-like relationship." As a result of the court orders dated July 27, 2000, and September 25, 2000, the parties have been judicially joined to share in the parenting of the child. Plaintiff and her husband have sole legal and physical custody, while defendant has unsupervised parenting-time rights. Defendant, as the biological father, interacts with plaintiff as the legal custodian on a regular basis. *See South v. North,* 304 *N.J.Super.* 104, 113–14, 698 *A.*2d 553 (Ch.Div.1997) (expanding the definition of "household member" as defined in the Prevention of Domestic Violence Act). Plaintiff testified that defendant calls on a sporadic basis but, at times, in an excessive manner.

It is this court's opinion that under the Prevention of Domestic Violence Act the parties share "a child in common." That child also deserves to be protected by the Act from the deep and emotional effects caused by the exposure to domestic violence. *N.J.S.A.* 2C:25–18. Therefore, the court finds that under the theory that plaintiff and defendant have "a child in common," the court has jurisdiction to decide this case.

At the hearing for the final restraining order, plaintiff testified that, defendant on January 6, 2007, defendant called to speak with his daughter. Plaintiff related that defendant was told the child was asleep and he would not be able to speak with her at that time. Defendant then proceeded to use coarse and offensive language towards plaintiff and threatened plaintiff by saying a number of times: "you are f——ing dead." (A tape recording of this call as well as four other separate calls made the same day by defendant demonstrate a defendant who would leave a calm message for his daughter and then explode with multiple threats including the screaming of foul, coarse, and offensive language directed at the plaintiff).

Plaintiff also testified that these calls, when offensive language was directed at her, had been going on for quite some time. Many times, defendant would call three times per day at inconvenient times. Plaintiff established by a preponderance of the evidence that defendant engaged in harassing conduct in violation of *N.J.S.A.* 2C:33–4(a), by making calls in offensively coarse language at inconvenient hours which caused plaintiff alarm.

It was also proven: (1) defendant threatened to kill plaintiff with the purpose to put her in imminent fear of death; (2) plaintiff reasonably believed the immediacy of these threats; and (3) there was a likelihood the threats would be carried out. *N.J.S.A.* 2C:12–3(b). Plaintiff testified she was, and still is, in fear for her safety. *See State v. Nolan,* 205 *N.J.Super.* 1, 4, 500 *A.*2d 1 (App.Div.1985) (finding that under the attendant circumstances, the defendant conveyed menace of fear of death to the ordinary hearer).

Plaintiff's evidence proved the acts occurred within Ocean County where she resided. Finally, defendant was properly served personally with the temporary restraining order and notification of the hearing date. He failed to appear for the final restraining order hearing. The court, therefore, issues the final restraining order against defendant.