**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1094-24

C.J.S.,[1]

    Plaintiff-Appellant,

v.

A.S.,

    Defendant-Respondent.

_____

Argued October 23, 2025 – Decided November 18, 2025

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-1263-25.

Bruce D. Greenberg argued the cause for appellant (Lite DePalma Greenberg & Afanador, LLC, attorneys; C.J.S., on the pro se brief).

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the identities of the parties. R. 1:38-3(d)(10).

In this one-sided appeal, plaintiff C.J.S. challenges the trial court's October 30, 2024 order dismissing his complaint against defendant A.S. filed pursuant to the Victim's Assistance and Survivor Protection Act (VASPA), N.J.S.A. 2C:14-13 to -21. The primary issue we address on appeal is whether the court erred in finding the parties have children in common. Having considered the record and the applicable legal principles, we reverse and remand for further proceedings.

I.

Plaintiff and S.S. divorced in 2019 and have since been involved in extensive post-judgment litigation regarding their two minor children. Plaintiff alleged defendant, who was then S.S.'s boyfriend and is now her husband, sexually abused the children. Plaintiff filed an order to show cause concerning the alleged acts of abuse. On March 17, 2020, the court entered an order barring defendant "from any further contact with the children pending further order" of the court. This order remains in effect to this day.

During the ongoing litigation and appeals, plaintiff alleged defendant engaged in conduct constituting cyber-harassment and stalking under VASPA. Following a court hearing in September 2024, during which plaintiff claims both defendant and S.S. made harassing and threatening statements, plaintiff went to

2

a municipal court in Bergen County, where all the parties reside, and obtained a temporary restraining order (TRO) against S.S. under the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35.[2]

Plaintiff subsequently filed a VASPA complaint in Bergen County against defendant, where the court determined it had jurisdiction under VASPA and granted him a temporary protective order (TPO).[3] Plaintiff subsequently filed an amended VASPA complaint detailing additional acts of defendant allegedly cyber-harassing and stalking him. Thereafter, he was notified the VASPA matter had been transferred to Essex County, to the judge presiding over the post-judgment FM matters. Plaintiff moved to vacate the transfer order and requested the matter remain in Bergen County.

On October 16, 2024, the court in Essex County entered an amended order to show cause directing plaintiff to show cause why his VASPA complaint and TPO should not be dismissed for lack of jurisdiction. Following oral argument, the trial court determined it only had jurisdiction over the VASPA matter "if the

---

[2] The PDVA matter was later transferred from Bergen County to Essex County and was subsequently dismissed. We affirmed on appeal. C.J.S. v. S.S., No. A-0395-24 (App. Div. May 29, 2025) (slip op. at 2).

[3] When plaintiff obtained a TRO against S.S., he was purportedly advised his relationship with defendant did not fall under the umbrella of the PDVA, which prompted him to file a VASPA complaint.

A-1094-24

part[ies] could not be defined as . . . victim[s] of domestic violence" under N.J.S.A. 2C:14-14. It explained it would not have jurisdiction if the parties had a "child in common" under N.J.S.A. 2C:25-19(d). The court then noted, relying on D.V. v. A.H., 394 N.J. Super. 388 (Ch. Div. 2007), while plaintiff and defendant do not "biologically" have children in common, "they [do] have . . . step-children in common." The court explained, while "child in common" is not defined in the PDVA, plaintiff and defendant were in a "family-like" setting. It ultimately found step-children fell within the meaning of a "child in common" under N.J.S.A. 2C:25-19(d). Therefore, the court concluded it had no jurisdiction over the VASPA matter, dismissed the claim, and vacated the TPO.[4] It also denied plaintiff's motion to transfer venue back to Bergen County.

## II.

Plaintiff argues the trial court erred in finding he and defendant have "children in common" for the purposes of VASPA. He further contends the court erred in transferring venue to Essex County because Bergen County is the proper venue to adjudicate this matter. Alternatively, plaintiff asserts, should the VASPA claim remain in Essex County, the judge there who dismissed the

---

[4] The court denied plaintiff's counsel's request for the order to reflect plaintiff would be permitted to request a TRO under the PDVA.

A-1094-24

VASPA action cannot objectively and impartially preside over this matter, which warrants his recusal.

Our review of rulings of law and issues regarding the applicability, validity, or interpretation of laws, statutes, or rules is de novo. See Kocanowski v. Twp. of Bridgewater, 237 N.J. 3, 9 (2019). "The Legislature's intent is the paramount goal when interpreting a statute and, generally, the best indicator of that intent is the statutory language." Ibid. (quoting DiProspero v. Penn, 183 N.J. 477, 492 (2005)). "[I]f there is ambiguity in the statutory language that leads to more than one plausible interpretation, [the reviewing court] may turn to extrinsic evidence, 'including legislative history, committee reports, and contemporaneous construction.'" Id. at 9-10 (first alteration in original) (quoting DiProspero, 183 N.J. at 492-93). Furthermore, the reviewing court will also consider extrinsic evidence "if a literal reading of the statute would yield an absurd result, particularly one at odds with the overall statutory scheme." Id. at 10 (quoting State v. Twiggs, 233 N.J. 513, 533 (2018)).

VASPA, in pertinent part, provides:

> Any person alleging to be a victim of nonconsensual sexual contact, sexual penetration, or lewdness, or any attempt at such conduct, or stalking or cyber-harassment, and who is not eligible for a restraining order as a "victim of domestic violence" as defined by . . . [the PDVA], may, except as provided in subsection

b. of this section, file an application with the Superior Court pursuant to the Rules of Court alleging the commission of such conduct or attempted conduct and seeking a temporary protective order.

[N.J.S.A. 2C:14-14(a)(1) (emphasis added).]

The statute was adopted to authorize courts "to issue protective orders for persons victimized by acts of stalking and cyber-harassment in situations for which the domestic violence statutes are inapplicable because the victim lacks a prior or existing spousal, household, or dating relationship, or . . . child in common, with the offender."[5] Assemb. Health Comm. Statement to S. 1517, at 1 (Mar. 20, 2023) (L. 2023, c. 127).

Central to the trial court's ruling in this matter was its finding plaintiff and defendant shared children in common under N.J.S.A. 2C:25-19(d) of the PDVA and, therefore, plaintiff was not a protected person under VASPA. N.J.S.A. 2C:25-19(d) provides:

"Victim of domestic violence" means a person protected under this act and shall include any person who is [eighteen] years of age or older or who is an emancipated minor and who has been subjected to

[5] VASPA replaced and expanded the scope of protections afforded under the Sexual Assault Survivor Protection Act (SASPA), which provided protection for persons not eligible for such under the PDVA but was limited to "acts of nonconsensual sexual contact, sexual penetration, or lewdness, or attempts thereof, committed against" a victim. Assemb. Health Comm. Statement to S. 1517, at 1 (Mar. 20, 2023) (L. 2023, c. 127).

domestic violence by a spouse, former spouse, or any other person who is a present household member or was at any time a household member. "Victim of domestic violence" also includes any person, regardless of age, who has been subjected to domestic violence by a person with whom the victim has a child in common, or with whom the victim anticipates having a child in common, if one of the parties is pregnant. "Victim of domestic violence" also includes any person who has been subjected to domestic violence by a person with whom the victim has had a dating relationship.

[(Emphasis added).]

Accordingly, we must address whether the parties here have a "child in common" for the purposes of N.J.S.A. 2C:25-19(d).

Plaintiff argues the trial court incorrectly relied on D.V. because defendant is not a biological parent and does not have any rights to parenting time as a step-parent. He maintains his allegations of cyber-harassment and stalking under VASPA did not arise in the context of parenting his children and cannot be "interpreted as familial in any way."

In D.V., the court addressed whether it had jurisdiction under the PDVA in a matter involving an allegation the defendant biological father of a child committed an act of domestic violence against the plaintiff, his wife's sister-in-law. 394 N.J. Super. at 389-90. The child was removed from the defendant and his wife on several occasions, and the plaintiff was granted legal and physical

A-1094-24

custody. Id. at 390. However, the defendant was afforded parenting time. Ibid. The plaintiff subsequently filed a PDVA complaint, alleging the defendant harassed and threatened to kill her. Ibid.

The D.V. court held the parties had a "child in common," for the purposes of N.J.S.A. 2C:25-19(d), because they shared a "family-like relationship" from being "judicially joined" to share in the parenting of a child. Id. at 391. Because the plaintiff and her husband had sole legal and physical custody of the defendant's child while the defendant maintained parenting time rights, the court determined the parties shared a "child in common." Id. at 391-92. Therefore, the court concluded it had jurisdiction under the PDVA and entered a final restraining order (FRO) against the defendant. Id. at 392-93.

We conclude the trial court improperly relied on D.V. The plaintiff and the defendant there both had parental rights. Id. at 390. The facts here are not analogous. Not only does defendant not have any parental rights, but he has also been barred from having any contact with the children for over five years. This is far afield from the "judicially joined" parties involved in D.V. Under these circumstances, we determine the parties do not have a "child in common" for the purposes of N.J.S.A. 2C:25-19(d), and plaintiff should have been permitted to proceed with his VASPA action.

Plaintiff next argues the court erred in transferring the VASPA case from Bergen County to Essex County, given both parties reside in Bergen County, and the acts alleged in the VASPA complaint occurred in Bergen County. He relies on Rule 4:3-2 and Rule 5:7A(b) in support of the proposition venue in this matter should be laid in the county where the cause of action arose and in which either party resides.

A trial court's decision to grant a motion for a change of venue is reviewed for abuse of discretion. See State v. Nelson, 173 N.J. 417, 476-77 (2002). The court's exercise of discretion "must be neither arbitrary, vague[,] nor fanciful and must be in consonance with well[-]established principles of law[; t]he exercise of such discretion will not be disturbed on review unless it has been clearly abused." State v. Collins, 2 N.J. 406, 411 (1949) (citations omitted).

N.J.S.A. 2C:14-14(e) provides: "An applicant may seek a protective order pursuant to [VASPA] in a court having jurisdiction over the place where the alleged conduct . . . occurred, where the respondent resides, or where the alleged victim resides or is sheltered." Similarly, Rules 5:7A(b) and 5:7B(b), which deal with venue requirements for PDVA actions and SASPA actions, both provide venue should be laid in the county where either party resides, where the offense took place, or where the victim is sheltered, unless good cause is shown

9

for the hearing to be held elsewhere. The court in Bergen County transferred venue to Essex County because the companion dissolution matter involving the parties was pending there under an FM docket.

Given our conclusion the parties do not have "children in common" for the purposes of the PDVA, and because defendant has been barred from having any contact with the children since 2020, we conclude the VASPA action was properly venued in Bergen County where it was initially filed. Moreover, the parties all reside in Bergen County, and the alleged acts in violation of VASPA all occurred in Bergen County, making venue in Bergen County appropriate regarding the VASPA matter only.

The Domestic Violence Procedures Manual (DV Manual)[6] provides: "Pursuant to N.J.S.A. 2C:25-29 and Rule 5:7A, a[n] FRO hearing is to be held 'in the county where the ex parte restraints were ordered, unless good cause is shown for the hearing to be held elsewhere.'" Sup. Ct. of N.J. & Att'y Gen. of N.J., New Jersey Domestic Violence Procedures Manual, § IV(H)(1) at 71 (Apr. 22, 2022). The manual also states "[t]ransfers may occur" when "[t]here is an existing FM, FD, or FN matter that has not been dismissed in the other county."

---

[6] The DV Manual is found at https://www.njcourts.gov/sites/default/files/courts/family/dvprcman.pdf.

Id. § IV(H)(1) at 72. The policy rationale for this is the court most familiar with the issues—including custody, parenting time, and child support—should conduct the FRO hearing because its outcome may impact those matters.

Under the particular facts of this VASPA action, the outcome of the final protective order (FPO) proceeding would not directly impact the custody-related issues in the FM matter, unlike the disposition of a PDVA action. Accordingly, given defendant does not "share a child" with plaintiff, has no parental rights, and has been barred from any contact with the children at this juncture, the policy considerations in the DV Manual for PDVA matters are not implicated here. Therefore, there is no reason the VASPA matter cannot be adjudicated in Bergen County, where N.J.S.A. 2C:14-14(e) and our rules provide venue is proper. Because we conclude plaintiff's VASPA case will be decided in Bergen County, we need not address plaintiff's argument the trial judge in Essex County should be disqualified.

For these reasons, we reinstate plaintiff's VASPA action and TPO, pending the disposition of the FPO proceeding in Bergen County.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

11

A-1094-24